IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LM INSURANCE CORPORATION )<br>         Plaintiff, )<br>vs. )<br>              )<br>AMERICAN MASTER ROOFING, a )<br>partnership, A.M. ROOFING, INC., a South )<br>Carolina corporation, JOHN DELA CRUZ, )<br>LENIN LEZCANO, and REGINALD )<br>DELA CRUZ, )<br>        Defendants. )<br>_____) | C.A. No. 9:05-1990-PMD<br>**ORDER** |

This matter is before the court upon Defendants' Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12 (b) (6). For the reasons set forth herein, Defendants' motion is denied.

**BACKGROUND**

The facts, as alleged in Plaintiff's Complaint, are as follows:

Under South Carolina law, all employers not subject to an exception are required to purchase workers' compensation insurance. If an employer is unable to find such coverage, the employer may apply to the Workers' Compensation Insurance Plan ("the Plan"). Under the terms of the Plan, the business seeking insurance must file an application on an approval form with the National Council on Compensation Insurance ("NCCI"), the Plan Manager. NCCI randomly assigns such applications to insurance companies which have contracted to provide workers' compensation insurance to qualified applicants. Under the Plan, the business to be insured must disclose its payroll application and submit a deposit premium which is calculated on this payroll. The business is required to keep the insurance company advised of changes in operations, payroll, locations, or other new exposure resulting from the expansion of operations that might affect premium estimates. At the conclusion of the one-year policy term, the insurance company conducts a final audit of the actual payroll.

After the audit, the insurance company either refunds any overpayments or bills the insured business for any additional premium due.

In May of 2003, NCCI assigned the application of American Master Roofing to LM Insurance Corporation ("LMIC"). LMIC issued workers' compensation policy number WC5-35S-340979-013 which covered the period May 11, 2003 to May 11, 2004. In 2004, prior to the expiration of the 2003 policy, American Master Roofing renewed its coverage for another year. LMIC issued policy number WC5-35S-340979-014 which covered the period of May 11, 2004 until September 8, 2004, when LMIC cancelled the policy. LMIC cancelled the policy because American Master Roofing denied requests for information needed to complete an audit of its business as required for the proper calculation of the premium. Due to its failure to comply with requests for information, the insured allegedly violated its obligations under the policy of insurance and under the South Carolina Plan.

LMIC alleges that Defendants John Dela Cruz, Lenin Lezcano, Reginald Dela Cruz, and A.M. Roofing, Inc. ("Defendants") operated together and did business in partnership as American Master Roofing. Although the insurance contract identified the insured as "American Master Roofing," Plaintiff alleges that the true party to the contract was American Master Roofing, a partnership masquerading as an incorporated entity. The partnership applied for insurance to the Plan, responded to requests for information from the insurer, funded the operations of American Master Roofing, and shared in the proceeds from the business of American Master Roofing. LMIC asserts three causes of action against all Defendants: (1) breach of insurance contract by failing to comply with the requests for information necessary for audit and by failing to pay premiums as required by contract; (2) violation of the South Carolina Unfair Trade Practices Act ["SCUTPA"], S.C. Code Ann. § 39-5-20, by misrepresenting American Master Roofing as a corporation and

misleading LMIC as to the amount of the payroll of the business; and (3) fraud against all Defendants for intentionally providing misinformation on the application for insurance.

Defendants move for dismissal of the Complaint for failure to state a claim upon which relief may be granted. FRCP Rule 12(b)(6).

## ANALYSIS

A Rule 12(b)(6) motion should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that Plaintiff cannot prove any set of facts in support of its claims that entitles it to relief. *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999). The complaint should not be dismissed unless it is certain that the plaintiff is not entitled to relief under any legal theory that might plausibly be suggested by the facts alleged. *Mylan Labs. Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Further, "[u]nder the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to infer that all the required elements of the cause of action are present." *Wolman v. Tose*, 467 F.2d 29, 33 n. 5 (4th Cir. 1972).

Defendants argue (1) that the Complaint should be dismissed as against Defendants American Master Roofing, the partnership, Lenin Lezcano and Reginald Dela Cruz due to the attached contract's failure to name them as parties to the contract; (2) that as to Defendants American Master Roofing, Inc. and John Dela Cruz, liability should be limited to the extent of distribution of corporate assets to a shareholder or remaining assets of American Master Roofing, Inc.; (3) that the UTPA cause of action be dismissed as inapplicable to the facts alleged; and (4) that the fraud claim be dismissed for "at most [stating] an issue of whether the contract was breached." (Def. Mot. to Dismiss ¶ 4.) The court addresses each of these challenges in turn.

### *(1) Plaintiff correctly makes claims as against all Defendants*.

Defendants argue that because the contract names only "American Master Roofing," only American Master Roofing, Inc. and its shareholders may be parties to the current action. The court does not agree with this contention.

According to the terms of the Complaint, the true party to the contract is American Master Roofing, a partnership comprised of the named Defendants. The Complaint describes a conspiracy on the part of the Defendants to induce Plaintiff to enter a contract with American Master Roofing. Plaintiff alleges that Defendants were "responsible for the application for insurance to the Plan, were responsible for responding to requests for information from the insurer, were responsible for the funding of the operations of American Master Roofing, and shared in the proceeds from the business of American Master Roofing." (Comp. ¶ 23.) If these allegations are proven to be true, then the claims are properly brought as against all Defendants. As such, and considering only the well-pleaded allegations of the Complaint, dismissal at this stage is not proper.

### *(2) Defendants American Master Roofing and John Dela Cruz's liability should not be limited at this time.*

Defendants American Master Roofing, Inc., and John Dela Cruz argue that, because the contract was between Plaintiff and a corporation, their liability should be limited pursuant to S.C. Code Ann. § 33-14-107(d)(2), limiting any liability to the extent of distribution of corporate assets to a shareholder or remaining assets of the corporation.

In considering a 12(b)(6) motion to dismiss, the court considers only the well-pleaded allegations of the Complaint and will not consider any possible defenses to such allegations. While there may be a liability limit as to these Defendants, such a limit does not enter into the court's consideration of whether Plaintiff has properly plead its Complaint. As such, at this time, the court

will not consider Defendants' contention that liability is limited as to American Master Roofing, Inc. and John Dela Cruz.

### *(3) Plaintiff does adequately allege facts to support a claim under the South Carolina Unfair Trade Practices Act.*

According to the SCUTPA, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." S.C. Code Ann. § 39-5-20.  Defendants' assertion that the SCUTPA is inapplicable where Plaintiff, a workers' compensation insurer, alleges unfair or deceptive acts in conjunction with Defendants' breach of contract is without merit.  In a recent case, the court held that where an insured employer had wilfully failed to pay its premiums, the workers' compensation carrier was entitled to recovery under SCUTPA.  *Liberty Mut. Ins. Co. v. Employee Res. Mgmt., Inc*., 176 F.Supp.2d 510 (D.S.C. 2001). An allegation of breach of contract, where it constitutes an unfair or deceptive act that has an impact on the public interest, may support Plaintiff's claim for recovery of treble damages under SCUTPA. *Id.*  In reaching this conclusion, the court, of course, is cognizant that it is considering a Rule 12(b)(6) dismissal rather than an award of summary judgment.  Therefore, the determination that Plaintiff's allegations are sufficient is based on the assumption, required on review of a 12(b)(6) motion, that Plaintiff can prove those allegations.  *See De Sole v. United States,* 947 F.2d 1169, 1171 (4th Cir.1991).  The court intends no implication as to whether Plaintiff possesses a sufficient factual basis to proceed to trial; the court merely concludes that its allegations for the SCUTPA claims are adequate to survive a motion to dismiss.  *See Dunn v. Borta,* 369 F.3d 421, 427 (4th Cir. 2004).

### *(4) Plaintiff has sufficiently plead fraud against all Defendants.*

In this case, Plaintiff's complaint alleges all necessary elements of fraud; however, Defendants argue that Plaintiff could not have been reasonable in relying on any representations

made in an arms-length negotiation without conducting its own investigation. (Def. Mot. to Dismiss ¶ 4.) As such, Defendants maintain that Plaintiff has failed to adequately allege facts that support the eighth element of the fraud claim, reasonable reliance, and that this cause of action must therefore be dismissed.

Defendants are correct in asserting that South Carolina law does require some proof of reasonableness of reliance to establish a successful fraud claim. *See, e.g., Florentine Corp., Inc. v. PEDA I, Inc.,* 287 S.C. 382, 339 S.E.2d 112 (1985) (determination of what constitutes reasonable diligence must be made on case by case basis); *Watts v. Monarch Bldrs., Inc.,* 272 S.C. 517, 252 S.E.2d 889 (1979) (no evidence of fraud where buyers relied on seller's agent's representation about property lines instead of conducting their own investigation). Nonetheless, South Carolina courts have declined to dismiss fraud claims for this reason at this preliminary stage. *See Slack v. James*, 614 S.E.2d 636, 639 (S.C. 2005) (holding that the question as to whether prospective purchasers' reliance on vendors' misrepresentation about sewer easement was reasonable, although falsity of the alleged misrepresentation could have been ascertained by examining the public records, was for jury in purchasers' action against vendors for fraud and negligent misrepresentation). Because it is possible that Plaintiff will obtain evidence during discovery that will prove that its reliance upon the Defendants' representations was reasonable, it is not "certain that [Plaintiff] cannot prove any set of facts in support of [its] claim entitling [it] to relief." *Edwards*, 178 F.3d at 244.

Defendants also argue that the Complaint only raises "an issue of whether the contract was breached," and therefore the fraud claim must be dismissed. It is true that under South Carolina law, "if the cause of action is predicated on the alleged breach, or even negligent breach, of a contract between the parties, an action in tort will not lie." *Meddin v. Southern Ry.-Carolina Div.*, 62 S.E.2d 109, 112 (S.C. 1950); *see Tadlock Painting Co. v. Maryland Cas. Co.*, 473 S.E.2d 52, 55 (S.C. 1996)

(stating that the South Carolina Court of Appeals upheld the trial court's dismissal of the negligence action because the basis of it was breach of the contract, and the law is well-settled that breach of contractual duties does not give rise to an action in tort for negligence); *Foxfire Village, Inc. v. Black & Veatch, Inc.*, 404 S.E.2d 912, 917 - 18 (S.C. App. 1991) ("As a matter of law, if the duty to advise another arises merely from agreement of the parties, breach of the duty does not create a cause of action for negligent conduct."). However, where the contract creates a certain relationship between the parties, and certain duties arise by operation of law, irrespective of the contract, because of this relationship, the breach of such duties will warrant an action in tort. *Meddin,* 62 S.E.2d at 112. As was said in one South Carolina case, *St. Charles Merc. Co. v. Armour & Co.*, 153 S.E. 473, 477 (S.C. 1930), "[a]ctions in tort often have their beginning in contractual matters."

In the case at bar, the wrongdoing alleged in the fraud claim is not confined to Defendants' actions in intentionally breaching the contract. In addition to alleging a breach of the terms of the insurance contract, Plaintiff alleges that Defendants "intentionally provided incorrect information on the application for insurance they submitted, so that they would have workers' compensation insurance coverage at a fraction of the cost charged to others." (Comp. ¶ 47.) Accepting the allegations as true, which is proper at this preliminary stage, they constitute more than an assertion that Defendants failed to meet their obligations under the contract, which "does not create a cause of action for [torts]." *Foxfire Village, Inc.*, 404 S.E.2d at 917. Rather, the action extends to wrongful behavior and knowingly false representations made by Defendants prior to and during the formation of the insurance contract at issue, as an inducement upon which Plaintiff relied in entering the contract. *See Food Lion, LLC v. Schuster Marketing Corp.*, 382 F.Supp.2d 793, 800 (E.D.N.C. 2005). If proved, the allegations intimate the type of fraudulent scheme that could not be addressed by merely discerning the contractual obligations of the parties. *Id.* Thus, at this early stage, the

court is unable to hold that under no circumstances could Plaintiff show the type of distinct circumstances necessary to allege an independent tort. *Id.*

## CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Defendants' Motion to Dismiss the Complaint is hereby **DENIED.**

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**October 11, 2005**